**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GABRIEL GIGENA,

    Defendant - Appellant.

No. 25-4112
(D.C. No. 2:24-CR-00228-TS-CMR-1)
(D. Utah)

---

**ORDER AND JUDGMENT***

---

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

---

A jury convicted pro se appellant Gabriel Gigena of assaulting a federal officer. The district court then imposed a below-guidelines sentence. Gigena appeals the conviction and challenges the sentence as procedurally

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

I

Following a domestic dispute in California, Gigena took his twin daughters to Utah in the middle of the night. A California court issued a warrant for Gigena's arrest. The United States Marshal's Service in Utah formed a task force to execute the warrant. The task force deputized local police officers for the assignment.

Task force police officers spotted Gigena and his daughters at a park in Park City, Utah. Gigena walked past a van where Officer Michael Piekarczyk and another officer were watching him. The officers got out of the van to arrest him. Officer Piekarczyk wore a task force badge at his hip and placard on his vest that said "POLICE." Supp. R. I at 168.

Officer Piekarczyk ran toward Gigena and announced, "Gabriel" and "Police." *Id.* at 131. He then knocked Gigena's hands away from his daughters and tackled him to the ground. In response, Gigena got his arm around Officer Piekarczyk's neck and put him in headlock. Officer Piekarczyk tried to break free but could not. He was able to call out, "He's choking me." *Id.* at 196.

Additional officers arrived announcing themselves. One officer secured the children while others tried to free Officer Piekarczyk. The

officers ordered Gigena to stop fighting, and Gigena, who claims to be a tribal chief, said, "You can't arrest me. I'm a chief." *Id.* at 203. Police car lights continued to flash, and sirens continued to blare.

The officers eventually succeeded in prying Gigena's hands apart by peeling his fingers away individually to break his grip. Officer Piekarczyk sustained injuries to his neck, back and head from Gigena's headlock. The police arrested Gigena. A federal grand jury indicted Gigena for assaulting a federal officer in violation of 18 U.S.C. §§ 111(a)(1) and 1114.

Judge Ted Stewart was assigned to Gigena's case. He had originally been assigned to a civil case filed by Gigena, but he recused from that case due to another judge's scheduling conflict and the parties' request to proceed on the scheduled trial date. Neither Gigena nor the government objected.

Before trial, Gigena submitted several pro se documents. The district court lodged these documents, but it did not consider them because Gigena was represented by counsel.

At trial, Gigena did not challenge the lawfulness of his arrest. Gigena also did not dispute that Officer Piekarczyk was a federal officer engaged in official duties. For his defense, Gigena argued that he had been subdued instantly, he had not assaulted the officer, he reacted to the sudden confrontation, and he had no intent to assault anyone. Gigena did not raise

self-defense, nor did he seek a self-defense instruction. Several officers testified that Gigena would not willingly release the chokehold on Officer Piekarczyk despite receiving orders to do so. The jury convicted Gigena.

After the verdict, Gigena moved to terminate his counsel and represent himself. The district court permitted him to do so. Gigena then filed a series of post-trial motions and moved the district court to adjudicate his pre-trial pro se documents. In a written order, the district court considered and rejected his post-trial motions concluding that: (1) Judge Stewart's assignment to Gigena's criminal case and subsequent recusal from Gigena's civil case was not improper and did not require disqualification; (2) Gigena was not prohibited from testifying; (3) Gigena did not request a self-defense instruction, nor did he argue self-defense; and (4) there was no violation of Gigena's Sixth Amendment right to a speedy trial. The district court then decided to review Gigena's pre-trial documents and found no arguments of merit. The district court rejected Gigena's argument that with no memorandum of understanding between the local law enforcement and the U.S. Marshals, the government could not establish Officer Piekarczyk was a federal officer. It also rejected his assertion that the district court did not have subject matter jurisdiction over the case because as a tribal chief, he was entitled to tribal immunity.

The district court sentenced Gigena to 15 months' imprisonment and three years of supervised release – a sentence below the United States Sentencing Guidelines advisory range of 21-27 months' imprisonment. It reasoned Gigena's conduct was initially understandable given that he was tackled by surprise. Gigena timely appealed.

## II

Gigena challenges decisions concerning claims in pre-trial documents he lodged while he was counseled and decisions concerning claims in post-trial motions he filed pro se.[1] As explained below, any issue relating to the pre-trial documents are waived.

As for the post-trial motions, we resolve them as follows: 1) several of Gigena's post-trial claims fail to survive plain error review; 2) he fails to show the district court lacked subject matter jurisdiction based on tribal immunity; 3) the district court did not err in denying his motion to disqualify the trial judge; and 4) his ineffective assistance of counsel claim must be brought on collateral review. Gigena's remaining arguments challenging the sufficiency of the evidence and the reasonableness of his sentence also fail.

---

[1] Because Gigena proceeds pro se, we construe his pleadings liberally, but we do not act as his advocate. *See United States v. Sjodin*, 139 F.4th 1188, 1205 (10th Cir. 2025) (observing the court will liberally construe a pro se litigant's filings but will not make arguments for a litigant).

**A**

Gigena filed pre-trial documents that were lodged in the district court related to issues he raises on appeal – sufficiency of the indictment and vindictive prosecution. Under Federal Rule of Criminal Procedure 12(b)(3), a party must raise these challenges before trial. The district court declined to review them at the time he filed them because he had counsel. *See United States v. Pearl*, 324 F.3d 1210, 1216 (10th Cir. 2003) (denying motion to file a pro se pleading because the litigant was represented). Post-trial, the district court allowed Gigena to proceed pro se and decided that "[o]ut of an abundance of caution," it would review "the pre-trial lodged documents in search of any arguments that could support a new trial or acquittal," but found none of merit. R. I at 96. Gigena does not challenge this decision, so he has waived any argument on these issues. *Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

**B**

**1**

Gigena challenges the district court's rulings concerning the following claims asserted in the post-trial motions – a prosecutorial misconduct claim, an unlawful arrest claim, a jury-instructions claim, and a Sixth Amendment speedy-trial claim. Because these challenges were not properly preserved in

the district court, all are subject to plain error review. To show plain error, a party must establish the presence of "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005). "An error is plain if it is clear or obvious." *United States v. Chatwin*, 60 F.4th 604, 606 (10th Cir. 2023).

Gigena's prosecutorial misconduct claim fails. He argues the prosecutor "repeated improper statements, vouched for officer credibility, and misrepresented the law and evidence." Aplt. Op. Br. at 32. But he does not point to specific statements or conduct by the prosecutor that suggest misconduct that "prejudice[d] a specific constitutional right" or rendered the trial "so fundamentally unfair as to deny [him] due process." *United States v. Christy*, 916 F.3d 814, 824 (10th Cir. 2019) (internal quotation marks omitted). He also argues the government failed to turn over exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), but he does not identify any exculpatory evidence, let alone explain how it might be favorable or material. *See United States v. Velarde*, 485 F.3d 553, 558 (10th Cir. 2007) (explaining a "*Brady* violation must show that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material" (internal quotation marks

omitted)). And the Sixth Amendment speedy-trial claim also fails because he did not show the delay was presumptively prejudicial. *See United States v. Medina*, 918 F.3d 774, 780 (10th Cir. 2019) (concluding that to trigger the speedy-trial analysis, the delay must approach the general one-year threshold to establish presumptive prejudice). Gigena thus does not show the district court committed error that was plain. And he fails to argue that his unlawful-arrest claim and jury-instructions claim should be reviewed for plain error, so we deem these arguments to be waived. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all – for plain error or otherwise.").

**2**

Gigena also argues the district court did not have subject matter jurisdiction due to tribal sovereignty and immunity. "We review issues of subject matter jurisdiction de novo." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1305 (10th Cir. 2003). Gigena asserts that the California court that issued the children's custody order and his arrest warrant lacked jurisdiction to do so because he belongs to a tribe, and therefore, the District Court for the District of Utah did not have jurisdiction to preside over his criminal prosecution. His argument is misplaced. Gigena was indicted for

8

and convicted of assault of a federal officer under 18 U.S.C. §§ 111(a)(1) and 1114. 18 U.S.C. § 3231 confers on district courts "jurisdiction . . . of all offenses against the laws of the United States." The district court thus had subject matter jurisdiction to hear this case. *See* 18 U.S.C. § 3231.

**3**

The district court denied one of Gigena's post-trial motions as a motion to disqualify Judge Stewart. We review the denial of a motion to disqualify a judge for abuse of discretion. *See United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993).

To disqualify a judge, 28 U.S.C. § 144 requires a party to timely file a sufficient affidavit stating the facts and reasons which "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Bell v. Chandler*, 569 F.2d 556, 559 (10th Cir. 1978) (internal quotation marks omitted). "Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). Disqualification under § 144 is only appropriate when a party's affidavit is both timely and sufficient. *See id.*; *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992).

Gigena does not challenge the district court's characterization of his motion as seeking to disqualify Judge Stewart. He argues Judge Stewart's

recusal from Gigena's civil case and assignment to Gigena's underlying criminal case constituted structural error violating his due process rights and right to an impartial tribunal. But Gigena did not object to his assignment nor does Gigena now present an adequately developed argument that the reassignment demonstrated Judge Stewart is not impartial. Gigena further argues that Judge Stewart's rulings suppressed exculpatory evidence, but he does not point to what exculpatory evidence was suppressed. And Gigena failed to comply with the § 144 procedural requirements and failed to make a meaningful argument to support disqualification. Under these circumstances, we find no abuse of discretion.

**4**

Gigena made arguments in several post-trial filings that the district court construed as asserting Sixth Amendment ineffective assistance of counsel claim. The district court declined to consider Gigena's arguments at that stage of the proceedings because a defendant must bring an ineffective assistance of counsel claim in collateral proceedings. We agree with the district court. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (concluding that except under circumstances not present here, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal").

## C

Gigena challenges the sufficiency of the evidence for his conviction. "We review de novo whether there was sufficient evidence to support a defendant's convictions." *United States v. Robinson*, 993 F.3d 839, 844 (10th Cir. 2021). "We consider all evidence, circumstantial and direct, but we do not weigh the evidence or consider credibility of the witnesses." *Id.* (internal quotation marks omitted). We review the evidence "and any reasonable inferences drawn therefrom in the light most favorable to the government." *United States v. Isabella*, 918 F.3d 816, 830 (10th Cir. 2019). "[A]n inference is only reasonable where there exists a probability that the conclusion flows from the proven facts," *United States v. Rahseparian*, 231 F.3d 1257, 1262 (10th Cir. 2000) (internal quotation marks omitted), whereas "[a]n inference is unreasonable where the jury engaged in a degree of speculation and conjecture that renders its findings a guess or mere possibility," *id.* (internal quotation marks omitted). "Rather than examining the evidence in bits and pieces, we evaluate the sufficiency of the evidence by considering the collective inferences to be drawn from the evidence as a whole." *United States v. Tennison*, 13 F.4th 1049, 1059 (10th Cir. 2021) (internal quotation marks omitted). Thus, reversing a jury conviction for insufficient evidence is only appropriate "when no reasonable jury could

11

find the defendant guilty beyond a reasonable doubt." *Isabella*, 918 F.3d at 830.

Assault of a federal officer requires the government to show the defendant "forcibly assault[ed], resist[ed], oppose[d], impede[d], intimidate[d], or interfere[d] with any person designated in section 1114 of [Title 18] while engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). 18 U.S.C. § 1114 designates as a federal officer "any officer or employee of the United States. . . or any person assisting such an officer or employee in the performance of such duties or on account of that assistance."

Gigena argues the government failed to provide sufficient evidence to show that Officer Piekarczyk was a federal officer within the meaning of the statute. He asserts that the lack of warrant in hand with an affidavit, lack of approval from the United States' Attorney's Office for the task force, and lack of a memorandum of understanding between the U.S. Marshals and local law enforcement means the government failed to provide evidence that Officer Piekarczyk was a federal officer at the time of the event. Gigena then argues the government failed to present evidence to overcome certain defenses – self-defense, honest-mistake, excessive force, and entrapment – to establish intent. Both arguments fail.

First, our review of the record, specifically the trial testimony, confirms the government presented sufficient evidence showing Officer Piekarczyk was deputized by the United States Marshals Services as a task force officer, and therefore a federal officer for purposes of the assault statute. And in any event, the statute also specifically includes "any person assisting" a federal officer in the performance of federal duties. 18 U.S.C. § 1114. Second, a prosecutor need not present evidence to overcome a defense that is not pursued by the defendant at trial in order to establish intent. We thus conclude the government presented sufficient evidence to permit a rational jury to find the essential elements of the crime beyond a reasonable doubt.

## D

Finally, Gigena argues that his sentence is procedurally and substantively unreasonable. "We review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). So "[w]e review the district court's legal interpretation and application of the sentencing guidelines de novo and review the court's factual findings for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Henry*, 164 F.3d 1304, 1310 (10th Cir. 1999). This review "includes both a procedural component, encompassing the method by which a

13

sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). "A sentence is procedurally unreasonable if the district court incorrectly calculates or fails to calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Haley*, 529 F.3d at 1311. A sentence is substantively unreasonable if "the court imposes a sentence that does not fairly reflect the relevant sentencing factors or circumstances of the defendant." *United States v. Maldonado-Passage*, 56 F.4th 830, 842 (10th Cir. 2022). "[W]e will deem a sentence unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014) (internal quotation marks omitted).

Gigena does not distinguish his procedural and substantive reasonableness arguments. For his procedural challenge, he appears to take issue with the method by which the sentence was calculated because he argues the district court improperly relied on a previous conviction while calculating his criminal history category. Whereas for his substantive challenge he asserts the district court considered improper criminal history.

The Presentence Investigation Report (PSR) stated the base offense level for 18 U.S.C. § 111(a)(1) as 10. It then considered specific offense

characteristics and accounted for a five-point increase – three points for an offense involving physical contact and two points for the victim sustaining bodily injury. After the increases, the offense level total was 15. Gigena does not challenge these calculations. The PSR then determined he had three criminal history points for a 2007 conviction related to evading a peace officer and drug charges, putting him in criminal history category II. The advisory guidelines range for a base offense level of 15 and criminal history category II is 21 to 27 months' imprisonment. USSG Ch. 5, Pt. A. After hearing from both parties, the district court adopted the PSR without changes to the guideline calculations. The district court then discussed the 18 U.S.C. § 3553(a) factors in detail and imposed a below-guidelines sentence of 15 months' imprisonment, followed by three years of supervised release.

Gigena argues the district court improperly relied on the 2007 conviction to calculate his criminal history category because it was outside the 15-year period considered when calculating criminal history points, and the PSR stated the records were not available. Gigena asserts "[t]here are no indicia that [he] was incarcerated during the 15-year window" and that the PSR does not corroborate the conviction. Aplt. Op. Br. at 42. He further contends that but for this error, he would be in a lower criminal history category and thus a materially lower guideline range. We disagree.

15

Gigena has "an affirmative duty to make a showing that the information in the PSR was unreliable and articulate the reasons why the facts contained therein were untrue or inaccurate." *United States v. McDonald*, 43 F.4th 1090, 1096 (10th Cir. 2022) (brackets, underlining, and internal quotation marks omitted). The PSR states that he was re-incarcerated for this conviction in 2009, and he does not directly dispute that fact, nor does he claim that the conviction in the report did not happen. He rests solely on the lack of corroboration that he was incarcerated. This is insufficient to trigger a Federal Rule of Criminal Procedure 32(i)(2)(B) fact finding inquiry by the district court. *See id.* (concluding that an objection that the information was not credible or reliable alone was insufficient to trigger the district court's Rule 32 fact finding obligation).

As for Gigena's substantive-reasonableness challenge, we find it unpersuasive. A below-guidelines sentence is presumptively reasonable. *See United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). Gigena argues the district court improperly relied on stale convictions and an irrelevant speeding ticket in its decision. We find nothing in the record to show the district court's variance to impose a below-guidelines sentence was influenced by either the convictions or the speeding ticket. The record is clear that the district court thoughtfully considered the § 3553(a) factors

16

in determining Gigena's sentence. Under these circumstances, Gigena fails to rebut the presumption that his sentence is reasonable.

## III

For the foregoing reasons, we affirm the district court's judgment. We deny all pending motions as meritless.

Entered for the Court

Richard E.N. Federico
Circuit Judge